UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-2952-MWF (GJSx)                              Date:  June 24, 2016
Title:    Desiree A. Penetrante et al. -v- Jaguar Land Rover NA, LLC et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

          Deputy Clerk:                            Court Reporter:
          Rita Sanchez                             Not Reported

          Attorneys Present for Plaintiff:         Attorneys Present for Defendant:
          None Present                             None Present

**Proceedings (In Chambers):**  ORDER RE DEFENDANT'S MOTION TO TRANSFER CASE TO SOUTHERN DISTRICT [12]; PLAINTIFFS' MOTION TO REMAND CASE TO SAN DIEGO SUPERIOR COURT [13]

Before the Court are Defendant Jaguar Land Rover North America, LLC's ("JLRNA") Motion to Transfer Case to Southern District ("Motion to Transfer") filed on May 11, 2016, as well as Plaintiffs Desiree and Greg Penetrante's Motion to Remand Case to San Diego Superior Court ("Motion to Remand") filed on May 13, 2016. (Docket Nos. 12–13). Plaintiffs filed an Opposition to the Motion to Transfer on May 20, 2016, and Defendant filed an Opposition to the Motion to Remand on May 23, 2016. (Docket Nos. 15–16). Each moving party's Reply followed on May 27, 2016. (Docket Nos. 18, 20).

The Court has read and considered the papers filed on the Motion to Transfer and Motion to Remand, and held a hearing on **June 20, 2016**.

For the reasons discussed below, the Court **RESERVES** its ruling on the Motion to Remand and Motion to Transfer. Defendant is **ORDERED TO SHOW CAUSE** as to why the Court should not remand this action for lack of subject-matter jurisdiction. If the Court is satisfied with Defendant's showing that complete diversity exists between the parties, the Court will **DENY** the Motion to Remand and will **TRANSFER** the action under 28 U.S.C. § 1404(a) to cure the improper removal in the interests of judicial economy and efficiency.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-2952-MWF (GJSx)            Date:  June 24, 2016
Title:     Desiree A. Penetrante et al. -v- Jaguar Land Rover NA, LLC et al.

## I. BACKGROUND

On March 14, 2016, Plaintiffs initiated this action in San Diego County Superior Court for alleged violations of the Song-Beverly Consumer Warranty Act.  (Notice of Removal Ex. A (Docket No. 1-1)).  Plaintiffs allege that the vehicle they purchased from JLRNA in January 2012 contained serious defects and nonconformities to warranty, for which JLRNA wrongfully denied warranty coverage.  (*Id.* ¶¶ 8, 15).

On April 29, 2016, JLRNA removed the action to this District on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  (Notice of Removal ¶ 2).

## II. DISCUSSION

A defendant seeking to remove an action grounded in state law bears the burden to show that "the complaint . . . is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortgage Co.*, 340 F.3d 858, 861 (9th Cir. 2003).  In most circumstances, "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)(1)).

In addition to satisfying these jurisdictional requirements, the defendant must also follow procedural rules established by the removal statute.  One such rule provides that removal must be to the federal district and division "embracing" the state court in which the action was filed.  28 U.S.C. § 1441.

Here, Plaintiffs argue that the Notice of Removal neither establishes that Plaintiffs are completely diverse from Defendant nor demonstrates that the amount in controversy exceeds $75,000.  (Motion to Remand at 4–8).  Plaintiffs also argue that Defendant's removal is plagued with procedural deficiencies, including (1) Defendant removed to the wrong federal district; (2) Defendant failed to file a proof of service

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-2952-MWF (GJSx)                              Date:  June 24, 2016
Title:      Desiree A. Penetrante et al. -v- Jaguar Land Rover NA, LLC et al.

along with the Notice of Removal; and (3) Defendant improperly completed the civil cover sheet required in this District.  (Motion to Remand at 3–4, 8–10).

Plaintiffs filed suit in San Diego County Superior Court.  Therefore, under 28 U.S.C. § 1441, Defendant should have removed this action to the Southern District, rather than Central District, of California.  *See* 28 U.S.C. § 1441 ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

There is no doubt that this action does not belong before this Court.  *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 535 (6th Cir. 2002) ("There is only one federal venue into which a state court action may be removed, and that is in the statutorily dictated 'district court . . . for the district and division embracing the place where [the state court] action [was] pending.'" (citations omitted)).  Therefore, as to venue, the only question before the Court is whether the Court should remand the action ***because of*** the procedural defect or transfer the action ***to cure*** the procedural defect.

Ordinarily, in the interests of judicial economy and efficiency, the Court would be inclined to transfer the action to cure the improper removal under 28 U.S.C. § 1404(a).  But the Court reaches, as it must, the issue of subject-matter jurisdiction first, and concludes that Defendant has provided insufficient facts for the Court to ascertain subject-matter jurisdiction.

## A.    Subject-Matter Jurisdiction

### 1. Complete diversity

Defendant removed the action on the basis of diversity jurisdiction.  (Notice of Removal ¶ 2).  The Complaint and Notice of Removal state that Plaintiffs reside in San Diego, California, and are, therefore, California citizens.  (*Id.* ¶ 7, Ex. A).  The Notice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-16-2952-MWF (GJSx)            Date: June 24, 2016
Title:     Desiree A. Penetrante et al. -*v*- Jaguar Land Rover NA, LLC et al.

of Removal provides that "Defendant JLRNA is a limited liability company formed under the laws of Delaware with its principal place of business located in New Jersey."

As a limited liability company, Defendant's principal place of business or formation under Delaware law is irrelevant for purposes of diversity jurisdiction. Rather, Defendant is a citizen of the state, or foreign country, of which its owners or members are citizens. *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").

After Plaintiffs' Motion to Remand pointed out the deficient allegations in the Notice of Removal, Defendant's Opposition asserts that Defendant's sole member, Jaguar Land Rover Limited ("JLRL"), is a citizen of the United Kingdom. (Opposition to Motion to Remand at 2; Declaration of Autumn E. Lewis in Support of Opposition to Motion to Remand ("Lewis Decl.") ¶ 3 (Docket No. 16-1) ("JLRNA is a single member limited liability company and is a subsidiary of Jaguar Land Rover Limited. Indeed, Jaguar Land Rover Limited is the only member of the JLRNA LLC and is a citizen of the United Kingdom.")). The Opposition and supporting declaration do not, however, provide any facts to support this legal conclusion, aside from stating that JLRL is "located in the United Kingdom." (Opposition to Motion to Remand at 2).

In *Cohn v. Rosenfeld*, the Ninth Circuit explained that § 1332(a)(2) "applies to foreign legal entities of all kinds, so long as the entity is considered a ***juridical person*** under the law that created it." 733 F.2d 625, 629 (1984) (emphasis added). In *Cohn*, the Ninth Circuit concluded that a Liechtenstein *anstalt* is a juridical person under Liechtenstein law and that, therefore, the *anstalt* was a "citizen or subject" of Liechtenstein, regardless of which common law entity *anstalts* most nearly resemble. *Id.*

Here, JLRL appears to be a foreign legal entity, but Defendant has supplied the Court with no facts regarding the laws under which JLRL is organized, its capacity to sue and be sued, and whether it is recognized as a juridical person under the laws of the

**CIVIL MINUTES—GENERAL**          4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-2952-MWF (GJSx)                                   Date:  June 24, 2016
Title:      Desiree A. Penetrante et al. -v- Jaguar Land Rover NA, LLC et al.

jurisdiction in which it is organized. *Cf. Inmexti, S. de R.L. de C.V. v. TACNA Servs., Inc.*, No. 12CV1379 BTM JMA, 2012 WL 3867325, at *3 (S.D. Cal. Sept. 6, 2012) (concluding that a "sociedad de responsabilidad limitada de capital variable" is a citizen of Mexico when "it appears that such an entity is formed under the laws of Mexico, has the ability to sue and be sued, and is recognized a juridical person under the laws of Mexico").

In order to determine whether the Court has subject-matter jurisdiction, Defendant is **ORDERED TO SHOW CAUSE,** *in writing, by no later than June 27, 2016*, as to why the Court should not remand this action for lack of subject-matter jurisdiction. Defendant may discharge its obligations under the Order to Show Cause by filing a brief and supporting declaration on the issue of JLRL's citizenship.

Although Plaintiffs urge the Court to remand this action on the basis of the deficient citizenship allegations in the Notice of Removal, "in practice, the federal courts usually do not limit their inquiry to the face of the [pleadings], but rather consider the facts disclosed in the record of the case as a whole, in determining the propriety of removal." 14 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* §§ 3733–34 (4th ed. & Supp. 2015) ("[T]he better rule is that detailed grounds for removal need not be set forth in the notice."). Furthermore, contrary to Plaintiffs' arguments, the Court may decline to remand the action at this time and instead grant Defendant leave to cure any defective allegations via an amended Notice of Removal. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) ("The district court noted, however, and we agree, that Pfizer could potentially have cured its defective allegations regarding citizenship by amending its notice of removal."); *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1248 (9th Cir. 1987) (holding that insufficient verification of a notice of removal was not fatal to jurisdiction because the technical error was later corrected by amended notice).

The Court presumes that Defendant will have little difficulty demonstrating that JLRL, and consequently Defendant, are not California citizens. But until Defendant meets its burden of demonstrating the existence of complete diversity, the Court cannot

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-2952-MWF (GJSx)Date:  June 24, 2016
Title:Desiree A. Penetrante et al. -*v*- Jaguar Land Rover NA, LLC et al.

be satisfied that subject-matter jurisdiction exists in this action.  *See Tele Munchen Fernseh GMBH & Co. Produktionsgesellschaft v. All. Atlantis Int'l Distribution, LLC*, No. CV 13-05834 MMM MRWX, 2013 WL 6055328, at *4 (C.D. Cal. Nov. 15, 2013) (issuing order for defendants to show cause as to why the case should not be remanded when the notice of removal provided irrelevant information regarding an LLC's citizenship, such as the LLC's primary place of business).  The Court is sympathetic to Plaintiffs' argument that Defendant has had multiple attempts already to demonstrate the existence of complete diversity.  On the other hand, the Court is fairly confident that subject-matter jurisdiction does exist in this action and believes the better course of action would be to allow Defendant one more opportunity rather than remand an action that properly belongs in federal court.

If, upon review, the Court determines that it possesses subject-matter jurisdiction, the action may proceed in federal court and the Court will deem the briefing to the Order to Show Cause sufficient in demonstrating subject-matter jurisdiction without need for Defendant to file an Amended Notice of Removal.  Otherwise, in the absence of such jurisdiction, the Court shall remand the action to San Diego County Superior Court.

### 2. Amount in controversy

The Ninth Circuit has established the following framework for determining the amount in controversy on a motion to remand.  First, district courts must inquire "whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."  *Singer v. State Farm Mut. Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  If the allegations do not indicate that the requested relief exceeds $75,000, courts may consider "summary-judgment-type evidence."  *Id.*  Such evidence includes "jury verdicts in cases with analogous facts."  *Soto v. Kroger Co.*, No. SACV 12-0780-DOC (RNBx), 2013 WL 3071267, at *4 (C.D. Cal. June 17, 2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV-16-2952-MWF (GJSx) | Date:  June 24, 2016 |
| Title:    Desiree A. Penetrante et al. -v- Jaguar Land Rover NA, LLC et al. | |

Plaintiffs argue that the Notice of Removal only makes "conclusory statements that . . . the amount-in-controversy in this matter exceeds the $75,000" and "fails to explain how the estimated total . . . is supported by the law."  (Motion to Remand at 7).

In review of Defendant's detailed calculations regarding the potential restitution damages in this action, the Court is satisfied that, even excluding potential recovery for attorney's fees, the amount in controversy in this action exceeds $75,000.  (Opposition to Motion to Remand at 5).  The Complaint seeks "restitution of all monies expended," which Defendant calculates to total $50,671.66 based on the down payment, installments, and mileage offsets.  (Complaint ¶ 22 (Docket No. 1-1)).  Furthermore, the Complaint also seeks a "civil penalty in the amount of two times Plaintiff's actual damages."  (*Id.* at 5).  Therefore, at a minimum, the Complaint seeks $152,014.98, which exceeds the requisite $75,000 threshold.  (Opposition to Motion to Remand at 5).

### B.    Procedural Defects

#### 1.  Removal to the wrong district

The district courts are split on whether an action removed to the wrong federal district should be remanded back to the state court or transferred to the correct federal district pursuant to § 1406(a).  *See Calloway v. Pankopf*, No. 3:12-CV-00441-MMD, 2015 WL 1330553, at *7 (D. Nev. Mar. 25, 2015) (collecting cases).  The courts, however, generally agree that removal to the wrong district is an issue of venue rather than jurisdiction.  *See, e.g.*, *id.* ("[T]his Court has original jurisdiction over the case, thus making [the removal to the wrong district] an issue of venue."); *Soundview Commc'ns, Inc. v. Lotus Mgmt., LLC*, No. C-13-3402 EMC, 2013 WL 5954793, at *2 (N.D. Cal. Nov. 6, 2013) ("Subject matter jurisdiction is dependent on, *e.g.,* whether there is federal question jurisdiction or diversity jurisdiction.  The issue here [of removing to the wrong district] is not one of subject matter jurisdiction but rather venue." (emphasis in original)); *cf. Salat v. Cnty. of Sacramento*, No. 2:15-CV-00890-MCE, 2015 WL 3750466, at *2 (E.D. Cal. June 15, 2015) ("The Ninth Circuit has not addressed the issue of whether removal to the wrong district is a substantive or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-16-2952-MWF (GJSx)            Date: June 24, 2016
Title:      Desiree A. Penetrante et al. -v- Jaguar Land Rover NA, LLC et al.

procedural defect; however, the Eleventh Circuit has held that it is a procedural one." (citing *Peterson v. BMI Refractories*, 124 F.3d 1386, 1391 (11th Cir. 1997))); *but see Aprea II Ltd. P'ship v. Law Office of Jacob Hafter, P.C.*, No. 2:10-CV-01687-GMN, 2010 WL 4687633, at *2 (D. Nev. Nov. 10, 2010) (remanding after concluding the court "lacks jurisdiction in that this case was improperly removed based on 28 U.S.C. § 1441(a)").

     Assuming the Court has subject-matter jurisdiction, Plaintiffs still urge the Court to remand in view of Defendant's removal to the wrong district. The weight of authority in the Ninth Circuit as well as the interests of judicial economy and efficiency, however, weigh in favor of transfer rather than remand. *See, e.g.*, *Calloway*, 2015 WL 1330553, at *7 ("[I]n the interest of justice, it is proper to transfer the case to the Central District of California as it is the most expedient route in light of the circumstances."); *Collins v. Virtela Tech. Servs., Inc.*, No. C 12-613 CW, 2012 WL 4466551, at *5 (N.D. Cal. Sept. 26, 2012) ("[A]lthough Defendant should have requested assignment of the case to the San Francisco/Oakland Division upon removal, the Court properly could remedy the deficiency by transferring the action to the proper division."); *LNV Corp. v. STK Fin., LLC*, No. C 11-00025 SBA, 2011 WL 4345193, at *2 (N.D. Cal. Sept. 14, 2011) ("Here . . ., Defendants incorrectly filed the notice of removal in this Court . . . . [P]ursuant to § 1406(a) this Court may transfer the instant action to the correct venue where the notice of removal should have been filed, i.e., the Western District of Washington." (citation omitted)); *Capretto v. Stryker Corp.*, No. C07-03390 WHA, 2007 WL 2462138, at *1 (N.D. Cal. Aug. 29, 2007) ("Stryker mistakenly removed the case to the Northern District instead of the Eastern District of California. This error does not require a remand to state court. According to 28 U.S.C. 1406(a), '[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'").

     The district courts that have chosen to remand did so by applying the Supreme Court's holding in *Polizzi v. Cowles Magazine, Inc.*, 345 U.S. 663, 665–66 (1953), and concluding that the transfer provision under § 1406(a) has no application to cases

---

**CIVIL MINUTES—GENERAL**            8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-2952-MWF (GJSx)                    Date:  June 24, 2016
Title:     Desiree A. Penetrante et al. -v- Jaguar Land Rover NA, LLC et al.

removed from state court.  *See Martin v. Dixon*, No. 2:13-CV-01219-KJM, 2013 WL 5423102, at *3 (E.D. Cal. Sept. 26, 2013); *Aprea II Ltd. P'ship v. Law Office of Jacob Hafter, P.C.*, No. 2:10-CV-01687-GMN, 2010 WL 4687633, at *2 (D. Nev. Nov. 10, 2010); *Maysey v. CraveOnline Media, LLC*, No. CV 09-1364-PHX-JAT, 2009 WL 3740737, at *2 (D. Ariz. Nov. 5, 2009).

In *Polizzi*, the district court applied 28 U.S.C. § 1391, the general venue statute, to an action removed from state court to determine whether the defendant "resided" in that district for purposes of "jurisdiction."  345 U.S. at 665.  The Fifth Circuit affirmed but the Supreme Court reversed.  *Id.* at 666.  Specifically, the Supreme Court explained that, even if the requirements of § 1391 are not met, the district court is not deprived of jurisdiction, although dismissal of the case might be justified if a timely objection to improper venue is raised.  *Id.*  More fundamentally, however, the Supreme Court pointed out the district court's error in applying § 1391 to a removed action: "[T]he question whether Respondent was 'doing business' in Florida within the meaning of § 1391(c) is irrelevant" because "§ 1391 has no application to this case because this is a removed action."  *Id.* at 665–66.  Instead, the Supreme Court explained that "venue of removed actions is governed by [§ 1441(a)], and under that section venue was properly laid" in the district to which the defendant had removed the action.  *Id.*

Under *Polizzi*, it would seem that § 1406(a), also a general venue statute, applies only to cases initiated in federal court.  The district courts relying on § 1406(a) to transfer an action removed to the wrong district have generally recognized, however, that the "tenets [of § 1406(a) should] apply by analogy with force."  *Hose v. Synchrony Bank*, No. 2:15-CV-13248, 2015 WL 7313421, at *3 (S.D.W. Va. Nov. 19, 2015) (citation omitted).

Here, the Court concludes that it need not determine the applicability of § 1406(a) in view of *Polizzi*.  The transfer provision under § 1404(a) serves as an alternative vehicle for the Court to transfer this action to the Southern District of California.

---

**CIVIL MINUTES—GENERAL**                                                  9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-2952-MWF (GJSx)                              Date:  June 24, 2016
Title:      Desiree A. Penetrante et al. -v- Jaguar Land Rover NA, LLC et al.

Section 1404(a) applies to "any civil action" before the district court without regard to its origin in state or federal court. 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."). Therefore, the Court concludes that the better course of action is to transfer the action under § 1404(a) in the interests of judicial economy and efficiency. As discussed above, most district courts favoring transfer over remand have done so under the auspices of § 1406(a) rather than § 1404(a). But the Court's conclusion to transfer under § 1404(a) is also supported in the case law. *See, e.g.*, *Dao v. Knightsbridge Int'l Reinsurance Corp.*, 15 F. Supp. 2d 567 (D.N.J. 1998) ("Since the case was removed from state court, 28 U.S. Code 1404(a) dealing with transfer for convenience is the proper statute to use, not 1406(a) which applies only when an action is commenced in the wrong federal district."); *Oldlaw Corp. v. Allen*, No. 07-1070, 2007 WL 2772697, at *7 (C.D. Ill. Sept. 24, 2007) (granting transfer under § 1404(a) when the district court was "not entirely certain that § 1406(a), which literally applies only to cases filed in the wrong district or venue, applies to cases removed to federal court from state court"); *see also PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 72 (2d Cir. 1998) ("[T]he removal statute, and not the ordinary federal venue statute, governs venue in removed cases. Thus, a party may challenge removal . . . as having been made to the wrong district court if the case was removed to a district court other than that 'embracing' the state court in which the action was brought . . . . A party may nonetheless request a discretionary transfer to a more convenient district court forum under the transfer provision [of 28 U.S.C. § 1404]." (citations omitted)).

Section 1404(a) permits transfer of "any civil action" for the convenience of the parties and in the interest of justice to a district where the action might have been brought. 28 U.S.C. § 1404(a). It is undisputed that Plaintiffs could have brought their claims in the Southern District of California where a substantial part of the events or omissions giving rise to their claims occurred.

---

**CIVIL MINUTES—GENERAL**                                                            10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-2952-MWF (GJSx)                              Date:  June 24, 2016
Title:      Desiree A. Penetrante et al. -v- Jaguar Land Rover NA, LLC et al.

Assuming that Defendant is able to establish complete diversity between the parties, there is no doubt that the federal courts have original jurisdiction in this action. Defendant's removal to the wrong district "does not compel remand of the case . . . so that it can then be removed to the [proper district court]." *Ullah v. F.D.I.C*., 852 F. Supp. 218, 221 (S.D.N.Y. 1994) (transferring action removed to the wrong district to the proper federal district rather than remanding). When remand would only "bring about additional delay and expense while serving no useful purpose," the Court should exercise its "broad authority to reach a proper result by the most expedient means." *Id.* Because the Court can send this action "directly to its proper site," the Court will do so "without resort to unnecessary intermediate steps." *Id.*

### 2. Other procedural defects

Plaintiffs also challenge the removal because (1) Defendant failed to file a Proof of Service with the Notice of Removal, and (2) Defendant filed an incorrect civil cover sheet with the Notice of Removal. (Motion at 8–10).

Neither defect is sufficient grounds for remand. Although Defendant failed to electronically file a Proof of Service, the copy of the Notice of Removal that Defendant lodged with the Court did indeed include a Proof of Service. Furthermore, the failure was harmless because the underlying purpose of filing a Proof of Service had been achieved. Defendant's supporting declaration indicates that Plaintiffs had indeed been served the Notice of Removal, which Plaintiffs do not contest. (Lewis Decl. ¶¶ 7–8).

As to Plaintiff's contention that "the Civil Cover Sheet was incorrectly completed," the error relates to the improper removal of the action to this District rather than the Southern District of California. Assuming the Court has subject-matter jurisdiction, this error would be moot given the Court's conclusion that the improper removal can be cured by transferring this action to the Southern District.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-2952-MWF (GJSx)                    Date:  June 24, 2016
Title:     Desiree A. Penetrante et al. -v- Jaguar Land Rover NA, LLC et al.

Accordingly, for the reasons discussed above, the procedural defects in the removal do not support remand, as long as the Court can be satisfied of its subject-matter jurisdiction.

At the hearing, the Court raised the possibility of awarding attorney's fees for the expenses Plaintiff incurred as a result of the improper removal to this District. Having weighed all of the equitable considerations, the Court declines to award attorney's fees but cautions defense counsel that future failures to comply with the relevant procedural rules may result in sanctions.

### III.  CONCLUSION

For the above reasons, the Court **RESERVES** its ruling on the Motion to Remand and Motion to Transfer until further briefing from Defendant as ordered.

If the Court concludes that it has subject-matter jurisdiction, the Court will **DENY** the Motion to Remand and **GRANT** the Motion to Transfer.  If, however, the Court concludes that it does not have subject-matter jurisdiction, the Court of course will grant the Motion to Remand and deny as moot the Motion to Transfer.

IT IS SO ORDERED.